## CIRCUIT COURT OF FAIRFAX COUNTY

Source One Mortgage
Services Corp. et al.

v.

First Equity Bank et al.

July 12, 1996

Case No. (Chancery) 140000

BY JUDGE THOMAS S. KENNY

This matter is before the Court on the parties' cross-motions for summary judgment. After careful review of counsels' arguments, the Court grants Plaintiffs' Motion for Summary Judgment and denies Defendants' Motion for Summary Judgment for the reasons set forth below.

In 1987, Hyo Jun Lee contracted to purchase a parcel of real estate. Mr. Lee borrowed the purchase money, and on August 27, 1987, as "Borrower," executed a First Deed of Trust, which he and his wife, Nam Sik An Lee, endorsed. Mrs. Lee noted below her signature that she "Releases Dower Rights." The Deed conveying the property, however, named both Mr. and Mrs. Lee as grantees. On August 16, 1989, Mr. and Mrs. Lee executed a Second Deed of Trust on the property, this time without any restrictive endorsement by Mrs. Lee. The Lees subsequently defaulted on both payment obligations, which led to the present litigation between lien holders regarding the validity of the First Deed of Trust.

At issue is Defendants' Hyo Jun Lee and Nam Sik An Lee's intent when executing the First Deed of Trust.[1] The disparity between the manner in which the property was titled and the manner in which the First Deed of

---

[1] Plaintiffs also cite Va. Code § 55-41 in support of their position. Pursuant to that section, Plaintiffs argue that any signature by a spouse conveys his or her entire interest. The Court does not read that section as broadly as Plaintiffs request. Section 55-41 is designed to address merely dower, courtesy, and other "impediments" that result from marriage.

Trust was executed was either inadvertent or fraudulent.[2] In other words, the Lees intended either to give a valid security interest or to defraud the lender by a deliberate defect. If the former, the Court should reform the First Deed of Trust to reflect the parties' intent. If the latter, the Court will not permit fraud and the Deed should be reformed.

In addition, First Union advanced money to the Lees expecting to be in a second position. Refusing to reform the First Deed of Trust would give First Union a windfall, while reformation will put First Union in the position it anticipated. The Court recognizes that the first lien holder contributed to the problem by its own neglect in failing to recognize the defect. Had First Union advanced money with the expectation of being in a first position the Court may have ruled differently. First Union, however, acknowledged in bankruptcy filings that it was in second position behind Source One. Therefore, with no facts remaining in dispute, reformation is appropriate and Plaintiffs' Motion for Summary Judgment should be granted.

Mr. Richardson will please prepare a decree that reforms the First Deed of Trust to convey Nam Sik An Lee's entire interest in the property as security for the loan.

---

[2] Execution of the First Deed of Trust in this manner could not have been deliberate other than for fraudulent purposes, because the deed of trust as written releases a dower interest that Mrs. Lee, as a tenant by the entirety, did not have. Thus, the Court concludes that the First Deed of Trust in this form was either inadvertent of fraudulent.